**UNITED STATES of America, Appellee,**

v.

**Parnell Robert FLAGG, Appellant.**

**No. 90–1689.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1990.

Decided Nov. 23, 1990.

Don Nickerson, Des Moines, Iowa, for appellant.

Lester A. Paff, Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, FAGG, Circuit Judge, and LARSON,* Senior District Judge.

PER CURIAM.

Parnell Robert Flagg was convicted of being a felon in possession of a firearm (18 U.S.C. § 922(g)(1) (1989) and 18 U.S.C. § 924(a)(2) (1989)), conspiring to distribute a controlled substance (21 U.S.C. § 841(a)(1) (1989)), possessing with intent to deliver a controlled substance (21 U.S.C. §§ 841(a), (b)(1)(A)(iii) (1989) and 18 U.S.C. § 2 (1989)), and using a firearm in relation to drug trafficking (18 U.S.C. § 924(c)(1) (1989)). He was sentenced to 300 months imprisonment. He appeals from the district court's [1] order denying his motion to suppress evidence that was seized from his apartment pursuant to a search warrant on the ground that the search warrant application contained deliberate or reckless omissions or misstatements. We affirm.

BACKGROUND

On November 14, 1989, Des Moines police obtained a search warrant authorizing them to search Flagg's apartment. They obtained the warrant after a confidential informant allegedly purchased narcotics from Flagg at his apartment. In executing the warrant, the officers used lawful force to enter the apartment. While inside the apartment, the officers observed in plain view plastic baggies that appeared to contain cocaine base, a dish that contained a white powder substance, a bag containing $301.00 in cash, and a pager. The officers then searched the apartment and discovered numerous weapons. Flagg and three other individuals were present at the time the apartment was searched.

Flagg was arrested and charged with conspiring to distribute cocaine base, possessing with intent to distribute cocaine base, possessing a firearm during a drug trafficking crime, and possessing a firearm as a convicted felon. He subsequently filed a motion to suppress the evidence seized from his home, alleging that the officers intentionally or recklessly failed to include in the search warrant application information indicating that the informant had a long history of drug addiction, moral turpitude and dishonesty and that the informant faced prosecution by state authorities at the time of the alleged drug purchases. Flagg also requested the court to conduct an *in camera* inspection of the police department file to determine whether the search warrant application was premised on intentional or reckless omissions. After the district court held a suppression hearing, it denied Flagg's motion to suppress and his request for an *in camera* inspection of the police department file.

DISCUSSION

In *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the Supreme Court recognized that an affidavit supporting a search warrant is presumptively valid. The Court held that the Fourth Amendment requires an evidentiary hearing if the party challenging a search warrant makes an offer of proof that the affiant in the warrant affidavit deliberately or recklessly included false statements. *Id.* at 171, 98 S.Ct. at 2684. The *Franks* Court also stated that a hearing is required if the challenged statements in the affidavit are necessary to a finding of probable cause. *Id.* Based on *Franks*, this court held in *United States v. Reivich*, 793 F.2d 957, 960 (8th Cir.1986), that an individual may challenge a facially insufficient affidavit on the ground that it contains deliberate or reckless falsehoods or deliberate omissions. To prevail, however, the challenger must show "(1) that the police omitted facts with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading; and (2) that the affidavit if supplemented by the omitted information would not have been sufficient to support a finding of probable cause." *Id.* at 961. Omissions of facts are not

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa, presiding.

misrepresentations unless they cast doubt on the existence of probable cause. *United States v. Parker*, 836 F.2d 1080, 1083 (8th Cir.1987).

 Flagg argues the district court should have granted his request for an *in camera* review of the pertinent police department file under *Franks*. He asserts that his motion to suppress included specific allegations of omissions pertaining to prior felony convictions, drug addiction, and pending charges by state law enforcement officials. In addition, his motion contained an affidavit of counsel indicating an offer of proof as to what the police files would reveal.

 We conclude the district court properly denied Flagg's motion to suppress the evidence and his request for an *in camera* review of the police department file. First, Flagg failed to satisfy the *Reivich* test by showing that the police officer who prepared the search warrant application intentionally or recklessly omitted facts. The district court found the officer who prepared the search warrant application was credible. In addition, the persons whom Flagg suspected of being informants did not testify or provide affidavits at the suppression hearing and Flagg failed to describe in the record any evidence that may have been in the police file concerning the informants. Moreover, even if the confidential informant had a criminal record and was cooperating under a plea agreement, these facts are not clearly critical to the finding of probable cause. In *United States v. Parker*, this court recognized it is not necessary to notify the Magistrate of an informant's criminal history if the informant's information is at least partly corroborated. *Id.* In the instant case, independent police investigation corroborated the information supplied by the confidential informant.

 Furthermore, Flagg did not make the required showing under *Reivich* that the affidavit supplemented by the omitted information could not have supported the finding of probable cause. The officer who prepared the search warrant indicated in his affidavit that the confidential informant had supplied information in the past that was reliable and that the informant had not given false information in the past. Furthermore, a magistrate generally would not be misled by the alleged omissions of facts in this case because informants frequently have criminal records and often supply information to the government pursuant to plea arrangements.

Finally, we are satisfied that the district court struck a fair balance between the government's interest in protecting the identity of the confidential informant and Flagg's interest in excluding evidence secured by means of a false affidavit. *See Roviaro v. United States*, 353 U.S. 53, 61–62, 77 S.Ct. 623, 628–629, 1 L.Ed.2d 639 (1957).

The district court's order is affirmed.