UNITED STATES of America, Appellee,

v.

**Rhonda Renee WOLD, Appellant.**

UNITED STATES of America, Appellee,

v.

**Daniel Ray WOLD, Appellant.**

Nos. 92–1040, 92–1043.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 11, 1992.

Decided Nov. 9, 1992.

---

Michael James Burdette, Des Moines, Iowa, argued, for appellant Rhonda Renee Wold.

Allen C. Orsborn, Ottumwa, Iowa, argued, for appellant Daniel Ray Wold.

Gary Lee Hayward, Des Moines, Iowa, argued (Gene W. Shepard, Ronald M. Kayser and Gary L. Hayward, on the brief), for the U.S.

Before MAGILL, Circuit Judge, LAY, Senior Circuit Judge, and BEAM, Circuit Judge.

MAGILL, Circuit Judge.

Daniel and Rhonda Wold appeal from a judgment in district court[1] on charges relating to the possession and distribution of methamphetamine. The Wolds claim the

---

1. The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

trial court erred by not suppressing evidence from a search of their residence and by not granting a mistrial on the grounds of prosecutorial misconduct. Rhonda Wold also claims her conviction is not supported by sufficient evidence. We affirm.

On May 31, 1991, detective Rick Jones of the Ottumwa Police Department applied for a warrant to search the residence of Daniel and Rhonda Wold. A magistrate for the State of Iowa granted the application and issued a warrant authorizing the search.

During the search of the Wold residence, officers discovered large amounts of methamphetamine, drug paraphernalia, a loaded pistol, and papers that appeared to record drug transactions. The records relating to apparent drug transactions were identified as being in both Daniel and Rhonda Wold's handwriting.

Prior to trial, the Wolds filed motions to suppress and to reveal the identity of one of the confidential informants. The motion for identification alleged that one of the confidential informants named in the application for the search warrant was Larry Byers, and if so, the application contained "inaccurate" information. In opposition to the motion to identify, the government argued that neither informant would be testifying at trial concerning the conduct charged in the indictment. The district court denied the motions to suppress and for identification.

During trial, it became apparent that Larry Byers, who had been called to testify, was one of the confidential informants. The Wolds moved for a mistrial on the grounds that the prosecuting attorney misinformed the court at the time of the original suppression hearing by stating the confidential informants would not testify at trial. The district court denied the motion for a mistrial, but allowed the defendants to reopen the issues raised in the motion to suppress. After further hearing, the district court denied the motion to suppress.

Both Daniel and Rhonda Wold were convicted of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a). Daniel Wold also was con-

victed of use of a firearm in connection with a drug related offense, in violation of 18 U.S.C. § 924(c), and of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846.

## I.

■ The Wolds argue that detective Jones intentionally or recklessly made inaccurate statements in the affidavit supporting the search warrant for their home. If a warrant affidavit contains a false statement made deliberately or out of reckless disregard for the truth, and the false statement was necessary for the finding of probable cause, then the warrant is invalid. *Franks v. Delaware*, 438 U.S. 154, 171, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978).

■ "We must affirm a district court's determination made in the context of a motion to suppress unless it is clearly erroneous." *United States v. Curry*, 911 F.2d 72, 75 (8th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 980, 112 L.Ed.2d 1065 (1991); *see United States v. Henry*, 763 F.2d 329, 331 (8th Cir.1985). When the district court reopened the motion to suppress during trial, it found the information Jones provided in the affidavit either was accurate, was the best information Jones had, or was Jones' best recollection of the facts to support the warrant. Our review of the record reveals the trial court's determination that any inaccuracies in the affidavit were not intentional or reckless is not clearly erroneous.

■ The Wolds also argue that Jones intentionally or recklessly omitted facts from the supporting affidavit. This court has extended the *Franks* rule to include facts deliberately omitted from an affidavit. *United States v. Reivich*, 793 F.2d 957, 960 (8th Cir.1986). Jones did not inform the magistrate issuing the warrant that Byers had been a drug dealer for a number of years, was cooperating with the police in order to receive leniency, and was being paid by the police. This court has held, however, that omissions such as these are not misrepresentation. *United States v. Flagg*, 919 F.2d 499, 500–01 (8th Cir.

1990); *Reivich,* 793 F.2d at 962–63. Jones deliberately left blank portions of the application which, if marked, would have indicated Byers had "no motivation to falsify the information" and Byers had "no known association with known criminals." Because these portions were blank, the magistrate reasonably would infer that Byers did have motive to falsify the information and did associate with known criminals. Judicial officers issuing warrants are aware of deals made with informants who themselves are facing charges. Therefore, failure to inform the issuing officer of a deal is not fatal to the validity of the warrant. *Reivich,* 793 F.2d at 963. In addition, "it is not necessary to notify the Magistrate of an informant's criminal history if the informant's information is at least partly corroborated." *Flagg,* 919 F.2d at 501. The information supplied by Byers was corroborated by other unchallenged information in the warrant application. Therefore, we find that the omissions do not affect the validity of the search warrant for the Wold residence.

■ In addition, the warrant application as a whole was supported by probable cause even if all the additions and deletions for which the Wolds argue were made. Probable cause requires only a "fair probability" that contraband will be found in a search, not a certainty that it will be found. *See Illinois v. Gates,* 462 U.S. 213, 246, 103 S.Ct. 2317, 2336, 76 L.Ed.2d 527 (1983). A "fair probability" that contraband would be found in the Wold residence would still be demonstrated by the warrant application because the information provided by Byers was corroborated by independent police investigation and information supplied by another confidential informant.

We find the trial court did not err in denying the Wolds' motion to suppress evidence obtained in the search of their residence.

## II.

The Wolds also claim the district court erred by not granting a mistrial on the grounds of prosecutorial misconduct. They argue that their challenge to the affidavit underlying the search warrant was less effective because the prosecuting attorney misled the court during the motion to reveal the identity of one of the confidential informants.

■ In order for this court to reverse for prosecutorial misconduct, we must find two factors: "(1) the prosecutor's [ ] conduct must in fact have been improper, and (2) such [ ] conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." *United States v. Hernandez,* 779 F.2d 456, 458 (8th Cir.1985). The grant or denial of a mistrial is in the sound discretion of the court, and will be reversed only if that discretion is abused. *United States v. Kiser,* 948 F.2d 418, 426 (8th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1666, 118 L.Ed.2d 387 (1992); *United States v. Nimrod,* 940 F.2d 1186, 1188 (8th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 986, 117 L.Ed.2d 148 (1992); *Hernandez,* 779 F.2d at 458. The district court is in the best position to evaluate prejudice. *Nimrod,* 940 F.2d at 1188.

The prosecutor did mislead the district court during the motion to identify the confidential informant. The conduct was improper. The prosecutor in oral argument conceded a mistake. We urge more circumspection by prosecutors in these important matters.

■ However, the Wolds must satisfy the second part of the test by showing this conduct deprived them of a fair trial. This they cannot do. The Wolds are arguing the prosecutor's misconduct caused them prejudice, not during the trial phase, but during the motion to suppress evidence from the search. Even if the misconduct did prejudice them in the motion, there is no authority to establish that this prejudice, by itself, would be sufficient to require reversal. This court has held the prejudice must relate to the trial itself. *Hernandez,* 779 F.2d at 458. When the misconduct is not prejudicial if viewed in the context of the entire trial, denial of a mistrial is not abuse of discretion. *Id.* at 458–59.

The Wolds did not suffer any prejudice requiring reversal in the motion to suppress or in the trial itself. After it was revealed during trial that one of the confidential informants, Byers, was testifying, the district court allowed the Wolds an additional opportunity to present evidence and argument on the suppression motion. The record demonstrates the Wolds had prepared for the pretrial suppression hearing in the belief that Byers was the informant, and therefore their effectiveness in arguing for suppression on the same grounds during trial would not be greatly affected.

In addition, there is no prejudice when a confidential informant testifies and the defendants have full opportunity to cross-examine and question the informant about relevant matters. *United States v. Rodrequez*, 859 F.2d 1321, 1326 (8th Cir.1988), *cert. denied*, 489 U.S. 1058, 109 S.Ct. 1326, 103 L.Ed.2d 594 (1989); *United States v. Foster*, 815 F.2d 1200, 1203–04 (8th Cir. 1987). Byers testified at trial and the Wolds had full opportunity to cross-examine him. The district court also gave the Wolds an opportunity at the suppression hearing during trial to recall Byers in support of their suppression motion. The Wolds, however, declined to recall Byers. The trial court did not abuse its discretion in denying the Wolds' motion for a mistrial.

### III.

■ Rhonda Wold also claims her conviction is not supported by sufficient evidence. We find this claim without merit. Rhonda Wold had constructive possession of both drugs and paraphernalia, and records of apparent drug transactions were in her own handwriting.

Accordingly, we affirm.