16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Charles Ray EDWARDS, Appellant.
 No. 93-3184.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 7, 1994.
Filed: February 11, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charles Ray Edwards appeals his conviction following his conditional guilty plea to two counts of possessing with intent to distribute cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1). The District Court[1] denied Edwards's motion to suppress evidence obtained from two searches of his residence, pursuant to search warrants sought by Officer James Martin and issued by Crossett, Arkansas Municipal Judge Billy J. Hubbell on November 28, 1992, and January 8, 1993. For reversal, Edwards argues that the warrants were invalid because (1) absent specific identification of the dates and times of the confidential informant's observations, the information in Martin's affidavits supporting the warrants must be presumed stale, and (2) Martin's failure to inform the judge of the informant's paid status amounted to misrepresentation. We affirm.
 
 
 2
 Before issuing a search warrant, a judicial officer must decide whether, in light of the facts set forth in the affidavit, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." See Illinois v. Gates, 462 U.S. 213, 238 (1983). The reviewing court's duty is to ensure that the judge or magistrate had a substantial basis for finding probable cause. Id. at 238-39. The issuing judge's probable cause determination is entitled to great deference. United States v. Sherrell, 979 F.2d 1315, 1317 (8th Cir. 1992). This court reviews the District Court's factual findings for clear error. United States v. Maholy, 1 F.3d 718, 720 (8th Cir. 1993). This court "may reverse the district court's ultimate ruling on the suppression motion, however, if the ruling reflects an erroneous view of the applicable law." Id.
 
 
 3
 Although the affidavits did not expressly state the dates and times of the informant's observations, the District Court found that the informant's statement to Martin on November 28 that Edwards "has" crack cocaine in his residence indicated the drug was then present. Similarly, the District Court found that the informant's statement to Martin on January 8 that Edwards "is selling" crack cocaine also indicated current possession. We cannot conclude that the District Court clearly erred in determining that the information in the affidavits was not stale.
 
 
 4
 The District Court, moreover, properly rejected Edwards's argument that the warrants were invalid because Martin did not inform Judge Hubbell that the police department paid its informants. "[A]n affiant's failure to disclose the backgrounds and alleged biases of informants does not establish the affiant's reckless disregard for the truth." United States. v. Dale, 991 F.2d 819, 844 (D.C. Cir.) (per curiam), cert. denied, 114 S. Ct. 286 and 114 S. Ct. 650 (1993); see also United States v. Wold, 979 F.2d 632, 634 (8th Cir. 1992) (failure to disclose that informant had been drug dealer and was being paid by police did not amount to misrepresentation).
 
 
 5
 Accordingly, we affirm the judgment of the District Court.
 
 
 
 [1]
 The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas adopting the report and recommendation of the Honorable Carol C. Anthony, United States Magistrate Judge for the Western District of Arkansas