# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1933

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States District |
| | * | Court for the District of Nebraska. |
| Victor Weeks, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  October 21, 1998
Filed:  November 24, 1998

_____

Before WOLLMAN, ROSS and BEAM, Circuit Judges.

_____

ROSS, Circuit Judge.

Victor Weeks appeals from a judgment entered in the district court[1] following his conditional guilty plea to conspiracy to distribute and possess with the intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1).  We affirm.

_____

[1]The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska, adopting the Report and Recommendation of the Honorable Kathleen A. Jaudzemis, United States Magistrate Judge for the District of Nebraska.

On January 21, 1997, officer Adam Kyle arrested Newgean Thomas for a traffic violation. Following the arrest, Kyle searched Thomas and found crack cocaine. Thomas initially denied possessing the drug, but later confessed and agreed to work as an informant. Thomas then told Kyle that crack cocaine was being sold from several locations in Omaha, Nebraska, including 4531 Spencer Street. Thomas described three persons who lived at the Spencer address, including Mike Clark and "Slim," who was later identified as Weeks. According to Thomas, whoever answered the door did so with a gun in his hand. Thomas made a diagram of the interior of the house and told Kyle that the front door was braced so that police could not ram the door. To test Thomas's reliability, in the early morning hours of January 22, Kyle had Thomas make a controlled buy of crack cocaine from one of the other locations. Thomas also purchased crack cocaine from the Spencer address.

Later that day, Kyle applied for a warrant to search the Spencer address. In a supporting affidavit, Kyle stated that a confidential informant had advised him that crack cocaine had been sold from the house within the past 72 hours, that "Slim" had $1400 worth of crack cocaine in his possession, and that the residents usually carried guns when they answered the door. Kyle also stated that he had verified that Mike Clark was a felon and resided at the address. Kyle requested a no-knock entry in order to prevent the destruction of evidence. About a week after a state judge issued a no-knock warrant, officers, who had been briefed by Kyle, executed the warrant. Inside they found Weeks and Clark and, among other items, crack cocaine.

After being indicted, Weeks filed a motion to suppress. Following a hearing, a magistrate judge rejected his argument that the search warrant was not supported by probable cause. The magistrate judge found that Kyle's affidavit contained sufficient

facts to establish probable cause, or, alternatively, that the search was valid under the good-faith exception of United States v. Leon, 468 U.S. 897 (1984). The court also held that the no-knock provision of the warrant was justified, and in any event, that at the time of the search, exigent circumstances justified the no-knock entry. Weeks filed objections to the magistrate judge's report and recommendation, but the district court overruled his objections and adopted the report and recommendation.

On appeal Weeks renews his argument that the search warrant was unsupported by probable cause. He asserts that the affidavit was insufficient to establish probable cause because Kyle did not disclose facts relating to Thomas's reliability and only corroborated that Clark was a felon and lived at the house. The government counters that Kyle's failure to discuss reliability is not fatal, noting this court has held that " 'an informant's clear basis of knowledge [should] be balanced against, rather than automatically overruled by, that informant's lack of a "track record" of reliability.' " United States v. LaMorie, 100 F.3d 547, 553 (8th Cir. 1996) (quoting United States v. Reivich, 793 F.2d 957, 959 (8th Cir. 1986)). The government also asserts that because Kyle corroborated that Clark lived at the house and was a felon, "it is a permissible inference that other, uncorroborated information is also reliable." Id.

We need not address whether the search warrant was supported by probable cause. "Assuming, without deciding, that [the] search warrant[] [was] invalid for lack of probable cause, we agree with the district court that the Leon good faith exception applies in this case." United States v. Taylor, 119 F.3d 625, 629 (8th Cir.), cert. denied, 118 S. Ct. 394 (1997). Under Leon, "evidence obtained pursuant to a search warrant should not be excluded where the officers executed the warrant 'with an objectively reasonable reliance on the [issuing judge's] determination of probable

-3-

cause.' " <u>LaMorie</u>, 100 F.3d at 555 (quoting <u>United States v. Riedesel</u>, 987 F.2d 1383, 1391 (8th Cir. 1993)). "We review the application of the good faith exception de novo." <u>Taylor</u>, 119 F.3d at 629.

As Weeks notes, the <u>Leon</u> exception is inapplicable:

> (1) where the issuing judicial officer was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing officer "wholly abandoned his judicial role;" (3) where the affidavit supporting the warrant contained so few indicia of probable cause "as to render official belief in its existence entirely unreasonable;" and (4) where the warrant itself is so facially deficient that no executing officer could reasonably presume it to be valid.

<u>LaMorie</u>, 100 F.3d at 555 (quoting <u>Leon</u>, 468 U.S. at 923).

Weeks argues that <u>Leon</u> is inapplicable because Kyle's affidavit "contained so few indicia of probable cause 'as to render official belief in its existence entirely unreasonable.' " <u>Id.</u> We disagree. This case is similar to <u>United States v. Johnson</u>, 78 F.3d 1258, 1263 (8th Cir.), <u>cert. denied</u>, 117 S. Ct. 227 (1996). In that case, an officer received a tip from an anonymous informant that a delivery of marijuana had been made to a house where defendant and his wife lived. In the affidavit in support of the warrant, an officer detailed the tip and that officers had verified the address, location, and name of defendant's wife. This court upheld the search under the third prong of <u>Leon</u>, noting that the anonymous call "was specific as to time, place, description of the drugs, and the quantity." <u>Id.</u> at 1264. Here, Weeks, who was not an anonymous

-4-

informant, also gave detailed information as to "time, place, description of the drugs, and the quantity."  Id; see also United States v. Gibson, 928 F.2d 250, 253 (8th Cir. 1991) (upholding search under Leon where officers only corroborated innocent details of anonymous informant's tip).

Moreover, this court has held that "[w]hen assessing the objective good faith of police officers executing a warrant, we 'must look to the totality of the circumstances,' including any information known to the officers but not presented to the issuing judge." United States v. Simpkins, 914 F.2d 1054, 1057 (8th Cir.1990) (quoting United States v. Martin, 833 F.2d 752, 756 (8th Cir. 1987), cert. denied, 494 U.S 1070 (1990)), cert. denied, 498 U.S. 1101 (1991).  Here, at the time of execution of the warrant, because of Kyle's briefing the officers were aware of details that Kyle failed to include in the affidavit.

In any event, as the government notes, in addition to the issuing judge, a federal magistrate judge and a district court judge concluded the affidavit set forth facts sufficient to establish probable cause.  "Under these circumstances, the officers' reliance on the [issuing judge's] determination of probable cause was objectively  reasonable, and application of the extreme sanction of exclusion is inappropriate." Leon, 468 U.S. at 926 (officers' reliance reasonable where affidavit "provided evidence sufficient to create disagreement among thoughtful and competent judges as to the existence of probable cause").

Weeks also argues that Kyle's failure to disclose that Thomas had  agreed to be an informant to "work off" charges establishes that Kyle acted with reckless disregard of the truth or intended to mislead the issuing judge.  Again, we disagree.  In the

-5-

context of probable cause, this court has stated that "[j]udicial officers issuing warrants are aware of deals made with informants who themselves are facing charges. Therefore, failure to inform the issuing officer of a deal is not fatal to the validity of the warrant." United States v. Wold, 979 F.2d 632, 635 (8th Cir. 1992). Nor do we think that Kyle's failure to disclose that Thomas had initially lied about possessing crack cocaine establishes that Kyle acted recklessly or with an intent to mislead. See Johnson, 78 F.3d at 1262 (officer's statement that anonymous informant had not given false information in past and failure to disclose information about another offense could not be corroborated did not establish recklessness or intent to mislead). Weeks has also failed to establish that the issuing judge abandoned his neutral role. Thus, the district court did not err in denying Weeks's motion to suppress.

Weeks's argument that the no-knock entry was unreasonable under the Fourth Amendment is also without merit. [2] It is true that in Richards v. Wisconsin, 117 S. Ct. 1416 (1997), the Supreme Court refused to permit a blanket exception for felony drug cases to the common-law rule requiring officers to knock and announce their presence before entering a residence. However, the showing needed to justify a no-knock entry "is not high." Id. at 1422. "In order to justify a 'no-knock' entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime, for example, allowing the destruction of evidence."

---

[2]Because of the absence of federal involvement in the search, 18 U.S.C. § 3109 is inapplicable. See United States v. Murphy, 69 F.3d 237, 242 (8th Cir. 1995), cert. denied, 516 U.S. 1153 (1996). We note that Nebraska permits a judge to issue a no-knock warrant on proof of destruction of property or danger to persons if notice of entry is given. Neb. Rev. Stat. § 29-411 (1995).

Id. at 1421; see also United States v. Ramirez, 118 S. Ct. 992, 996 (1998); Wilson v. Arkansas, 514 U.S. 927, 936 (1995). In addition, a judge may issue "no-knock warrants . . . when sufficient cause to do so can be demonstrated ahead of time." Richards, 117 S. Ct. at 1422 n.7.

Weeks argues that Kyle's request for a no-knock warrant based on his assertion that evidence would be destroyed was insufficient because Kyle used boilerplate language applicable to many drug cases and did not set forth specific facts showing why evidence would be destroyed in this case if officers announced their presence. Weeks notes in Richards, the Court held that "in each case, it is the duty of a court confronted with the question to determine whether the facts and circumstances of the particular entry justified dispensing with the knock-and-announce requirement."[3] Id. at 1421.

We need not decide whether Kyle's affidavit included sufficient particularized facts to support his destruction-of-evidence allegation. Even if the officers had not had a no-knock warrant, "[c]onsidering all of the facts known to the officers at the time of this particular search, . . . sufficient exigencies existed to excuse the knock and announce requirement." United States v. Murphy, 69 F.3d 237, 244 (8th Cir. 1995), cert. denied, 516 U.S. 1153 (1996). Although this court has held that "a 'reasonable belief that firearms may have been within the residence, standing alone, is clearly insufficient' to justify excusing the knock and announce requirement,' " Murphy, 69 F.3d at 243 (quoting United States v. Marts, 986 F.2d 1216, 1218 (8th Cir. 1993)), the

---

[3]In Richards, the Court indicated that "while drug investigation frequently does pose special risks to officer safety and the preservation of evidence, not every drug investigation will pose these risks to a substantial degree." 117 S. Ct. at 1421.

officers were aware of more than the presence of firearms in the house. Kyle had briefed the officers that the residents answered the door with guns in their hands, Clark had been convicted of a firearm offense, and that the front door was braced -- circumstances we believe created a reasonable suspicion that knocking and announcing would be dangerous. See United States v. Hawkins, 102 F.3d 973, 976 (8th Cir. 1996) (no-knock entry reasonable where windows and doors barred), cert. denied, 117 S. Ct. 1456 (1997); United States v. Bates, 84 F.3d 790, 795 (6th Cir. 1996) ("criminal record reflecting violent tendencies, or a verified reputation of a suspect's violent nature can be enough to provide law enforcement officers with justification to forego the necessity of knocking and announcing their presence"); Murphy, 69 F.3d at 243 (information that defendant sometimes carried weapon coupled with officers' awareness of his violent past justified no-knock entry).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.