# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3160

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Truong Nhat Nguyen, | * | |
| also known as Tony, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 14, 2001

Filed: May 18, 2001

_____

Before MORRIS SHEPPARD ARNOLD and HEANEY, Circuit Judges,
and BATTEY[1], District Judge.

_____

HEANEY, Circuit Judge.

_____

[1]The Honorable Richard H. Battey, United States District Judge, for the District of South Dakota, sitting by designation.

Truong Nhat Nguyen appeals the district court's[2] denial of his motion to suppress incriminating statements and the fruits of the officers' no-knock entry, as well as the district court's failure to issue an "outrageous government conduct" jury instruction. Nguyen was convicted of conspiracy to distribute and possess with intent to distribute 500 or more grams of methamphetamine, in violation of 21 U.S.C. § 846. Nguyen asks this court to consider: 1) whether the detonation of a "flash-bang" grenade used during the arrest rendered Nguyen incapable of knowingly, intelligently, or voluntarily waiving his constitutional rights; 2) whether the government violated the "knock and announce" statute when they executed the search warrant; and 3) whether the district court erred in denying Nguyen an outrageous governmental conduct jury instruction. For the reasons outlined below, we affirm.

I. Background

Nguyen met Dean Wimer when they were both undergoing drug treatment. Nguyen allegedly confided in Wimer that he was a dangerous criminal and a "big time drug dealer" in Sioux City, Iowa, looking to expand his sales into Omaha. On or about October 20, 1999, Wimer went to Nguyen's home as an informant in cooperation with the Sioux City Police Department. While at Nguyen's home they discussed methamphetamine trafficking, and Nguyen showed Wimer his pistols, bullet-proof vests, and closed-circuit television camera system.

Based on a tip from Wimer, Omaha Police officers obtained a warrant to search Nguyen's home on October 29, 1999 at 8:07 p.m. Sioux City Special Officers first deployed a "flash bang" distraction device in the back yard of the house, then knocked on the front door, announced themselves, and less than five seconds later, deployed a second "flash bang" device in the front living room when Nguyen partially opened the

---

[2]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

2

front door. The officers then entered the house. The second "flash bang" device landed near Nguyen's pant leg, which caught on fire, burning his foot and leg.

At 8:12 p.m. an officer took Nguyen outside and read him his Miranda warnings. Nguyen said he understood his rights, that he had seen the officers approach his house on his closed-circuit television camera system, and that he did not have any methamphetamine in the house. At 8:24 p.m. Nguyen was transported to Mercy Medical Center, where he was treated for his burns. He was released from the hospital at 9:01 p.m. and taken to the Sioux City Police Department. At 9:17 p.m. Nguyen received the Miranda warnings a second time. Nguyen said he understood his rights, and, according to the magistrate's findings, made incriminating statements.[3]

II. Discussion

We review the district court's conclusions of law de novo and its findings of fact for clear error. United States v. Ingle, 157 F.3d 1147, 1150 (8th Cir. 1998). The first issue is whether the police officers' use of a "flash-bang" device rendered Nguyen's statements involuntary notwithstanding the Miranda warnings he received at the police station. Nothing in the record indicates that Nguyen was coerced, intimidated, or deceived while he was in custody. He had received medical attention for his burns, and had responded cogently to questions asked of him at the hospital prior to his arrival at the police station. There was sufficient distance in time and place from the flash-bang explosion for him to have knowingly and voluntarily waived his Miranda rights. We therefore agree with the district court that upon examination of the totality of the circumstances, Nguyen voluntarily waived his rights, and his statements should not have been suppressed. See United States v. Holloway, 128 F.3d 1254, 1256 (8th Cir. 1997); United States v. Kime, 99 F.3d 870, 880 (8th Cir. 1996), cert denied, 519 U.S. 1141 (1997); 18 U.S.C. § 3501(b).

---

[3]Nguyen's remarks are not a part of the record on appeal.

The second issue is whether the execution of the search warrant violated the "knock and announce" standard. A "knock and announce" entry is excused in the presence of certain exigent circumstances, including where police "have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." Richards v. Wisconsin, 520 U.S. 385, 394 (1997); United States v. Weeks, 160 F.3d 1210, 1213 (8th Cir. 1998). We agree with the district court that the officers were justified in not executing a knock and announce entry based on their reasonable belief that Nguyen had weapons, bullet-proof body armor at his disposal, and a closed-circuit television security system to alert him to the officers' presence enabling him to take defensive measures.

The final issue raised is whether the district court erred in not giving the jury an outrageous governmental conduct instruction. A district court's jury instructions are reviewed for abuse of discretion, United States v. Beckman, 222 F.3d 512, 520 (8th Cir. 2000), and the decision to allow the defense of outrageous government conduct is reviewed de novo. United States v. Hunt, 171 F.3d 1192, 1195 (8th Cir. 1999). Appellant asserts that the government acted outrageously in directing Wimer, a confidential informant, to collect incriminating information about Nguyen's drug activity while Nguyen was participating in a drug rehabilitation program.

Outrageous governmental conduct is a question of law and is resolved by the court, not the jury. See United States v. Russell, 411 U.S. 423, 431-32 (1973); United States v. Henderson-Durand, 985 F.2d 970, 973 n. 4 (8th Cir. 1993). Accordingly, this circuit has held that "outrageous government conduct" should be raised as a pre-trial motion to dismiss the indictment pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure, and that failure to do so waives the issue. Henderson-Durand, 985 F.2d at 973. It appears that Nguyen failed to raise his outrageous government conduct

4

defense before and during trial, precluding the court below from addressing the issue.

Even if Nguyen had raised his defense in a timely manner, precedent indicates that the government's conduct here does not rise to the level of "outrageousness" needed to prove a due process violation. See United States v. Pardue, 983 F.2d 843, 847 (8th Cir. 1993). The government's conduct must "shock the conscience of the court." Id.; see also Russell, 411 U.S. at 431-32. Here, the government informant's breach of a treatment program's confidentiality requirement does not shock the conscience, particularly because Nguyen allegedly intended to continue his drug activity after his release from the drug rehabilitation program.

III. Conclusion

For the aforementioned reasons, we affirm the district court's denial of the motion to suppress incriminating statements and evidence, as well as Nguyen's conviction.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.