# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1448

_____

United States of America,

      Appellee,

v.

Joseph Tyler McDonald,

      Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Northern District of Iowa
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: August 5, 2002

Filed: August 28, 2002

_____

Before McMILLIAN, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Joseph Tyler McDonald appeals from the final judgment entered in the District Court[1] for the Northern District of Iowa upon a jury verdict finding him guilty of possessing cocaine and cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced appellant to 162 months imprisonment and 8 years supervised release. On appeal, counsel has filed a brief and moved to withdraw under Anders v. California, 386 U.S. 738 (1967), arguing for

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

reversal that the search warrant application had material omissions that were withheld intentionally or recklessly, and because of these omissions, the application did not establish probable cause, and no reasonable police officer could have believed that it established probable cause. In his pro se supplemental brief, appellant argues that trial counsel was ineffective in various ways, and that the district court erred in admitting into evidence at trial an audiotape of a controlled buy involving McDonald's selling drugs to an informant. For the reasons discussed below, we affirm the judgment of the district court.

We agree with the district court that McDonald did not meet the legal standard for invalidating a warrant based on material omission of facts. See United States v. Buchanan, 167 F.3d 1207, 1210 (8th Cir.) (defendant must establish, inter alia, that police officer omitted facts intentionally or recklessly), cert. denied, 528 U.S. 887 (1999). He does not dispute that the applying officer--who ran a National Crime Institute Center (NCIC) criminal history check on the informant before applying for the search warrant, which showed no criminal history--was unaware of her criminal history, and he has not shown that an NCIC check is an inadequate method to verify criminal history. Thus, McDonald has not shown that the officer acted intentionally or recklessly.

We conclude that the search warrant application, with or without the omitted information, established probable cause. See United States v. Pennington, 287 F.3d 739, 742 (8th Cir. 2002) (where informant supplied information that implicated himself and defendant in drug activity, and police corroborated informant's information by arranging and monitoring controlled buy, search warrant application was more than sufficient). We therefore need not reach appellant's argument regarding the application of the good-faith rule of United States v. Leon, 468 U.S. 897 (1984).

McDonald's ineffective-assistance claims should be raised in a 28 U.S.C. § 2255 motion, if at all. <u>See</u> <u>United States v. Clayton</u>, 210 F.3d 841, 845 n.4 (8th Cir. 2000). His allegation of evidentiary error by the district court fails because the audiotape was played only as part of the defense's evidence. <u>See</u> <u>United States v. Beason</u>, 220 F.3d 964, 968 (8th Cir. 2000) (where defendant invited error, there can be no reversible error).

Having reviewed the record independently pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, grant counsel's motion to withdraw, and deny McDonald's request for new counsel.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.