# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3740

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court of the Northern |
| | * | District of Iowa |
| Manuel Humberto Michel-Galaviz, | * | |
| | * | |
| Appellant, | * | |
| | * | |

———————

Submitted: June 21, 2005
Filed: July 28, 2005

———————

Before RILEY, BOWMAN, and BENTON Circuit Judges.

———————

BENTON, Circuit Judge.

Manuel Humberto Michel-Galaviz was indicted for possession with intent to distribute 2,609.1 grams of a methamphetamine mixture containing 1,519.817 grams of meth, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and 18 U.S.C. § 2. Galaviz moved to strike surplusage from the indictment, but the district court denied his motion. He then entered a conditional guilty plea, reserving the right to appeal the denial of the motion, and the constitutionality of the United States Sentencing Guidelines. The district court sentenced Galaviz to 168 months imprisonment and five years supervised release. Galaviz appeals. Jurisdiction being proper under 28

U.S.C. § 1291, this court affirms in part, reverses in part, and remands for resentencing.

## I.

Galaviz argues that the district court erred in denying his motion to strike surplusage from the indictment. He notes that 21 U.S.C. § 841(b)(1)(A)(viii) refers only to "50 grams or more of methamphetamine" and "500 grams or more of a mixture of substance containing a detectable amount of methamphetamine." Therefore, he reasons that the specific quantity of drugs – in this case 2,609.1 grams of meth mixture, containing 1,519.817 grams of meth – should be stricken as surplusage.

This court reviews for abuse of discretion the denial of a motion to strike surplusage from an indictment. *See* ***United States v. Figueroa***, 900 F.2d 1211, 1218 (8th Cir. 1990) *cert. denied*, 496 U.S. 942 (1990). "A motion to strike surplusage from an indictment . . . should be granted only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter." ***Dranow v. United States***, 307 F.2d 545, 558 (8th Cir. 1962).

Here, the amount of meth alleged in the indictment is relevant to a violation of 21 U.S.C. § 841, which prohibits the unlawful act of possession with the intent to distribute. The quantity of drugs is relevant to proving intent to distribute. ***United States v. Shubel***, 912 F.2d 952, 956 (8th Cir. 1990).

The amount of meth alleged is neither inflammatory nor prejudicial. The quantity the government intends to prove is not unfairly inflammatory, or unfairly prejudicial. The district court, therefore, did not abuse its discretion in denying the motion to strike the quantities from the indictment.

Galaviz finally argues that even if the district court correctly denied the motion, it erred in refusing his plea to the threshold amounts in § 841 (b)(1)(A)(viii) – which could authorize a lesser sentence. To the contrary, a district court has "broad discretion" in deciding to accept or reject a guilty plea. *See United States v. Bettelyoun*, 503 F.2d 1333, 1336 (8th Cir. 1974). A defendant has no absolute right to plead guilty to a charge other than that in the indictment. *See United States v. Gray*, 448 F.2d 164, 167-68 (9th Cir. 1971) *cert. denied*, 405 U.S. 926 (1972); *cf. Lynch v. Overholser*, 369 U.S. 705, 731 (1962). In this case, the amount alleged "serves a valid and useful purpose in that it gives notice to the defendant from the start that the government intends to seek the enhanced sentence if the defendant is convicted." *See United States v. Bates*, 77 F.3d 1101, 1105 (8th Cir. 1996) *cert. denied*, 519 U.S. 884 (1996); *United States v. Washington*, 992 F.2d 785, 787 (8th Cir. 1993) *cert. denied,* 510 U.S. 936 (1993). The district court did not abuse its broad discretion in refusing Galaviz's attempted plea.

## II.

Galaviz asserts that the sentencing guidelines are unconstitutional under *Blakely v. Washington*, 124 S.Ct. 2531 (2004). In *United States v. Booker*, __ U.S. __, 125 S.Ct. 738, 757 (2005), the Supreme Court held that mandatory application of the guidelines violates the Sixth Amendment principles articulated in *Blakely*. District courts must consult the guidelines in an advisory nature, and take them into account when sentencing. *Booker*, 125 S.Ct. at 757-67. *Booker* also instructs that "in cases not involving a Sixth Amendment violation, whether resentencing is warranted may depend upon the application of the harmless-error doctrine." *Id.* at 769.

In this case, there is no Sixth Amendment violation resulting from judge-found facts. *Id*. at 749. An error (understandably) resulted from use of the mandatory federal sentencing guidelines, as opposed to the *Booker* advisory system. *See United*

***States v. Haidley***, 400 F.3d 642, 644 (8th Cir. 2005). The government bears the burden of proving that the district court's mandatory application of the guidelines did not affect Galaviz's substantial rights and is therefore harmless error. *See **id**.*

The government cannot meet that burden. The district court sentenced Galaviz to 168 months imprisonment, assuming the guidelines were mandatory. However, the court issued an alternative sentence of 120 months imprisonment, "[i]f the United States Sentencing Guidelines are found unconstitutional." Before stating this alternative sentence, the court consulted 18 U.S.C. § 3553(1)-(7), thus following *Booker* as to the alternative sentence. The record indicates – beyond either a grave or a reasonable doubt[1] – that Galaviz would not have been sentenced the same under the *Booker* advisory system. This court vacates Galaviz's sentence and remands for resentencing.

This district court's judgment is reversed in part, affirmed in part, and the case remanded for resentencing.

_____

---

[1] As in *Haidley*, this court need not resolve whether the burden is beyond a "grave doubt" or a "reasonable doubt." 400 F.3d at 644.