# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2320

_____

United States of America,            *
                                      *

          Appellee,          *
                                 *   Appeal from the United States
        v.                *   District Court for the
                                 *   District of Nebraska.

Tiloe C. Williams,           *

          Appellant.        *

_____

Submitted: October 19, 2006
    Filed: February 13, 2007

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

A jury found Tiloe Williams guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Williams argues on appeal that the district court[1] erred by failing to suppress firearms evidence resulting from a search warrant in which the affiant officer omitted material facts concerning the reliability of a confidential informant. We affirm.

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

After receiving a citizen's complaint that drugs were being sold on the premises, Omaha police officers Wells and Milone directed a confidential informant, Randy Conway, to purchase crack cocaine from the residence of Tiloe Williams on April 11, 2005. Although the officers watched Conway approach the house, they lost sight of him as he reached its entrance. Conway was not equipped with any recording device or transmitter. Soon after, they received a cell-phone call from Conway. He was "excited, talking really fast, [and] breathing heavily." Conway stated that he spoke to a man at the doorway about buying crack; he told the man that he knew him a long time ago, whereupon the man pointed a rifle at Conway, who immediately fled the residence. The officers met up with Conway in person and observed that he was still "excited, breathing heavily, and talking a mile a minute." Conway repeated the same story, described the man he encountered, and identified the man as Williams when presented with Williams's mug shot.

Subsequent to this encounter, Officer Wells learned of Williams's status as a convicted felon. He and Officer Milone submitted an affidavit that included the information provided by Conway in an application for a search warrant of Williams's residence. Their affidavit also mentioned that Conway had been utilized by the police unit in several prior narcotics operations, and that his assistance had resulted in search warrants and several felony narcotics arrests. It further averred that Conway had experience making controlled purchases of illegal narcotics for which preliminary field tests of the purchases had positively indicated cocaine. Finally, the affidavit stated that Conway was not on any terms of parole, probation, or work release at the time he approached Williams.

The affidavit did not mention that Conway had been arrested for providing false information to a police officer in 2003. At that time, Conway knew of an outstanding warrant for his arrest when a police officer pulled over the car in which he was riding.

When the officer asked the passengers for their respective names, Conway identified himself with a false name to avoid being arrested and losing his job. The officer discovered Conway's deceit, and Conway subsequently pled guilty to a misdemeanor offense for lying to the officer and was sentenced to a single day in jail. The affidavit also failed to mention that Conway had been convicted for two felonies and had been arrested on a charge of felony theft for receiving stolen property. Finally, the affidavit did not mention Conway's financial arrangement with the police under which he received payment for his confidential informant services depending on the type of service he provided and the outcome of the investigation.

Citing these omissions, Williams moved for a hearing to suppress the entry of the firearms into evidence. A magistrate judge[2] granted the hearing but limited the scope of the inquiry to the omissions of Conway's conviction for lying to a police officer and Conway's financial relationship with the police department. At the conclusion of the hearing, the magistrate judge found that Officer Wells had intentionally omitted the information at issue, but that even had the information not been omitted, the affidavit would still have provided probable cause for the warrant. Accordingly, the magistrate judge recommended a denial of Williams's suppression motion.

The district court reviewed the magistrate judge's recommendations and likewise considered the omitted information material and relevant. After reviewing all of the evidence *de novo*, and even after assuming, *arguendo*, the truth of the full extent of Conway's criminal history, the district court concluded that probable cause would have existed had the omitted information been part of the affidavit and accordingly denied the motion to suppress.

---

[2]The Honorable F.A. Gossett, III, United States Magistrate Judge for the District of Nebraska.

Williams appeals from his conviction, arguing that the district court erred (1) by not remanding the case to the magistrate judge for further inquiries into Conway's criminal history in light of the limitations that the magistrate judge imposed on the scope of the hearing and (2) by finding that probable cause would still have existed even with the inclusion of the omitted information. The government responds that Williams was not even entitled to a hearing because he failed to make a substantial preliminary showing that Officer Wells omitted facts with an intent to make, or in reckless disregard of whether they made, the affidavit misleading. It further contends that even had Williams made such a showing, he failed to show that the omitted facts would have altered the probable cause finding; therefore, any procedural errors that might have occurred during the hearing were harmless.

II

We review factual findings supporting the denial of a suppression motion for clear error, and we review *de novo* the legal conclusions pertinent to the ultimate question of whether the Fourth Amendment has been violated. United States v. Allen, 297 F.3d 790, 794 (8th Cir. 2002).

The Fourth Amendment requires a showing of probable cause before a search warrant may be issued. Determinations of probable cause must be premised on the totality of the circumstances. "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). Where an issuing judge's probable cause determination was premised on an affidavit containing false or omitted statements, the resulting search warrant may be invalid if the defendant can prove by a preponderance of evidence "(1) that the police omitted facts with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading . . . and (2) that the affidavit, if supplemented by the

omitted information would not have been sufficient to support a finding of probable cause." United States v. Reivich, 793 F.2d 957, 961 (8th Cir. 1986) (citations omitted); see also United States v. Jacobs, 986 F.2d 1231, 1234 (8th Cir. 1993).

To be entitled to a hearing on this issue ("Franks hearing") a defendant must make a substantial preliminary showing that includes

> allegations of deliberate falsehood or of reckless disregard for the truth[.] [T]hose allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted . . . is only that of the affiant, not of any nongovernmental informant.

Franks v. Delaware, 438 U.S. 154, 171 (1978). While clear proof of these elements is not required at the stage at which the defendant is demonstrating an entitlement to an evidentiary hearing, United States v. Owens, 882 F.2d 1493, 1498 (10th Cir. 1989), the defendant still must make a "substantial preliminary showing" comprised of specific allegations along with supporting affidavits or similarly reliable statements. Cf. Franks, 438 U.S. at 171 (describing the showing requirements for **allegedly** false statements in warrant affidavits). Because "[t]here is . . . a presumption of validity with respect to the affidavit supporting the search warrant[, t]o mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." Id. The substantiality requirement is not lightly met. United States v. Wajda, 810 F.2d 754, 759 (8th Cir. 1987).

In its order granting the <u>Franks</u> hearing, the magistrate judge found that the defendant made a substantial preliminary showing that Officer Wells may have omitted information from the search warrant affidavit with a reckless disregard for the truth. Such a finding alone is legally insufficient to justify a <u>Franks</u> hearing absent a determination that the intentionally or recklessly omitted information may have rendered the affidavit misleading and may have otherwise made a probable cause finding unsupportable. Because neither the magistrate judge nor the district court fully addressed whether a <u>Franks</u> hearing was even justified, we now consider the sufficiency of Williams's preliminary showing.

In support of his motion for a <u>Franks</u> hearing, Williams alleged that Officer Wells omitted the following facts from his affidavit: (1) the details of the financial arrangement between the police department and Conway and (2) Conway's criminal background, which includes a conviction for lying to officers in 2003. Williams offered support for his contention that Officer Wells was aware of each and suggests that they would have made a probable cause finding improbable if they had been included in the original affidavit.

## A. Omission of the Confidential Informant Agreement

Omitting the details and existence of the bargaining agreement between Conway and Wells was not misleading. We have held that an affidavit is not robbed of its probative effect by its failure to mention that the informant "was a paid informant who avoided prosecution by virtue of her testimony. . . ." <u>United States v. Milton</u>, 153 F.3d 891, 896 n.3 (8th Cir. 1998); <u>see also</u> <u>Reivich</u>, 793 F.2d at 962-63; <u>United States v. Wold</u>, 979 F.2d 632, 635 (8th Cir. 1992); <u>United States v. Furlong</u>, 844 F. Supp. 624, 628 (D. Mont. 1994), *rev'd in part on other grounds sub nom.* <u>United States v. Hand</u>, 61 F.3d 913 (9th Cir. 1995) (unpublished table decision)

(stating that it was reasonable for the affiant to assume that the issuing justice would have supposed that the informant had an ulterior motive, such as a reward, for providing the information). In fact, a properly developed pay-based incentive system with appropriate consequences for invalid information may even bolster reliability. Nothing in Williams's Franks hearing motion, brief in support of the motion, or attached affidavits suggests that the omission of Conway's agreement with the police renders the warrant application misleading.

Williams cites United States v. Medina-Reyes, 877 F. Supp. 468, 475 (S.D. Iowa 1995), in which a district court granted the defendant's suppression motion after a Franks hearing in part because the affiant officers failed to disclose details of the cooperation and plea agreement. The district court emphasized the relevance of an unusual incentive system in which the informant stood to benefit from a suspended sentence or parole only if he succeeded in making a prosecutable case against specifically named defendants within a fixed period of time. Id. at 475 ("in an allegorical sense, [he had to] deliver the head[] of 'Medina-Reyes' . . . to the prosecutor on a silver platter.").[3] Nothing in Williams's Franks motion, supporting affidavits, or showing of proof suggests that Conway's agreement or associated behavior might adversely impact his reliability, unlike the powerful incentive in the Medina-Reyes agreement for the informant to submit unreliable information.[4] Without more, the omission of the terms of Conway's agreement does not materially

---

[3]Furthermore, the omission of the agreement's terms was considered even more egregious when coupled with the affiant officer's concomitant failure to state that the informant had a history of violating the agreement – a fact with direct bearing on the informant's reliability. Medina-Reyes, 877 F. Supp. at 475.

[4]In fact, the resulting Franks hearing established that Conway would be blacklisted as an informant by the entire police department if he provided unreliable information, and that leading up to his participation in the Williams operation, Conway had received only nominal payments in the $20-$80 range if his information yielded tangible results. Nothing about this system encourages unreliable behavior.

change Conway's apparent reliability or otherwise render the warrant application misleading.

## B. Omission of Conway's Criminal Background

The Supreme Court has indicated that a misstatement must be the product "of deliberate falsehood or of reckless disregard for the truth . . . . Allegations of negligence or innocent mistake are insufficient." Franks, 438 U.S. at 171. Franks offers little guidance in determining whether an omission-based misrepresentation was made with reckless disregard for the truth or merely out of negligence. See United States v. Namer, 680 F.2d 1088, 1094 (5th Cir. 1982). We have acknowledged that recklessness may be "inferred from the fact of omission of information from an affidavit . . . when the material omitted would have been 'clearly critical' to the finding of probable cause." Reivich, 793 F.2d at 961-62 (citing United States v. Martin, 615 F.2d 318, 329 (5th Cir. 1980)); see also United States v. Jacobs, 986 F.2d 1231, 1235 (8th Cir. 1993) (stating that officers act with reckless disregard if they knowingly withhold facts that "[a]ny reasonable person would have known . . . was the kind of thing the judge would wish to know."). Assuming that Officer Wells's omission of Conway's prior misdemeanor conviction and the remainder of Conway's criminal background was made with reckless disregard of whether it rendered the warrant application misleading, we conclude that in light of Conway's extensive history as a reliable police informant and Officer Wells's personal observations of his demeanor, the supplementation of the affidavit with Conway's criminal background would not alter the probable cause finding and therefore would not warrant a Franks hearing. "The core question in assessing probable cause based upon information supplied by an informant is whether the information is reliable." United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993) (citing Draper v. United States, 358 U.S. 307, 313 (1959)). We have held that probable cause is not defeated by a failure to inform the magistrate judge of an informant's criminal history if the informant's information is at least partly corroborated, see, e.g., Wold, 979 F.2d at 635; United

States v. Flagg, 919 F.2d 499, 501 (8th Cir. 1990) (per curiam); United States v. Parker, 836 F.2d 1080, 1083 (8th Cir. 1987); United States v. Dennis, 625 F.2d 782, 791-92 (8th Cir. 1980).  Probable cause is likewise not found wanting where the affiant establishes the information's reliability through some other means.  Williams, 10 F.3d at 593 ("Information may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of supplying reliable information, or if it is corroborated by independent evidence."); see also United States v. Wright, 145 F.3d 972, 974-75 (8th Cir. 1998) ("The reliability of a confidential informant can be established if the person has a history of providing law enforcement officials with truthful information."); United States v. Goodson, 165 F.3d 610, 614 (8th Cir. 1999); United States v. Lucca, 377 F.3d 927, 933 (8th Cir. 2004).  Despite the lack of independent corroboration, the judicial officer issuing the warrant knew that Conway had provided truthful and useful information and had made controlled drug purchases for the police department on five previous occasions.[5]  See, e.g., United States v. Gabrio, 295 F.3d 880, 883 (8th Cir. 2002) (finding that the informant's provision of reliable information on at least two occasions, coupled with his return of stolen property, established his reliability).  This represents an extensive history of reliable assistance that postdated Conway's dishonesty-related conviction. Furthermore, although Conway initially related the events by phone, Officer Wells met with Conway soon after the incident and had ample opportunity to directly assess Conway's credibility by observing his demeanor as he recounted the events that had occurred and as he identified Williams as the man involved when presented with Williams's mug shot.  See id. at 883 (citing the affiant officer's direct observations of the informant subsequent to a criminal incident as pertinent to a credibility determination).  Taken as a whole, and balanced against Conway's criminal history, these considerations more than suffice to validate Conway's status as a sufficiently

_____

[5]In fact, every single time Conway served as a confidential informant, the police considered his contributions valuable enough to reward him for his efforts.

reliable informant to justify a finding of probable cause based upon the information he provided.

Williams suggests that Conway's track record as a reliable informant should be disregarded because Conway's prior assistance involved drug crimes, not gun crimes. We assume from this that Williams believes Conway's lack of expertise with guns renders suspect his information pertaining to a gun crime. It does not; one needs no special expertise in gun crimes to be aware that a gun is pointed at one's face. In this case, were we to consider Conway's reliability as a historically trustworthy informant diminished by his lack of experience with guns, we would be exercising "excessively technical dissection of [the] informant's tips, with undue attention being focused on isolated issues that cannot sensibly be divorced from the other facts presented to the magistrate." Gates, 462 U.S. at 234-35. This we will not do.

IV

We conclude that Williams failed to make a substantial preliminary showing sufficient to justify a Franks hearing. Every fact allegedly omitted was either not misleading because it could have been assumed by the warrant-issuing judicial officer or otherwise would not have altered the probable cause determination. Accordingly, any errors that may have occurred during the Franks hearing were necessarily harmless, given that the hearing ultimately resulted in the denial of Williams's suppression motion.

The judgment is affirmed.

_____