# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1528

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Rodolfo Zambrano, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 14, 2011
Filed: December 1, 2011

_____

Before SMITH, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Rodolfo Zambrano appeals from the order of the District Court[1] denying his motion to plead guilty. We affirm.

Zambrano was charged by grand-jury indictment with possession with intent to distribute more than fifty grams of cocaine. On April 20, 2010, he appeared in the District Court to plead guilty, without a plea agreement, to the single count charged in the indictment. After the court explained the statutory minimum and maximum

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

sentences as recited in the indictment, defense counsel pointed out that the crime charged in the indictment had no statutory minimum and that the mandatory minimum of five years that appeared in the indictment was for possession with intent to distribute 500 or more grams of cocaine, not the fifty grams charged. The government then asked to be permitted to amend the indictment, noting that the undisputed amount of cocaine that was the basis for the charge was nearly 2000 grams. Counsel for Zambrano objected, insisting that Zambrano be allowed to plead guilty to the fifty-gram charge. The government then asked for a continuance to return to a grand jury to seek a superseding indictment stating the correct amount of cocaine. The court continued the hearing without ruling.

On April 30, 2010, Zambrano filed a "Motion to Enter Guilty Plea," which the District Court denied on June 8. In the meantime, on May 4, a grand jury returned a superseding indictment charging Zambrano with one count of possession with intent to distribute 500 or more grams of cocaine. Zambrano entered a conditional guilty plea on August 23, 2010, and the District Court later sentenced him to 120 months in prison.

For his sole issue on appeal, Zambrano contends that the District Court erred in refusing to allow him to plead guilty to the original indictment. "A court may reject a [guilty] plea in exercise of sound judicial discretion." Santobello v. New York, 404 U.S. 257, 262 (1971). We review such a rejection for an abuse of that discretion. See United States v. Michel-Galaviz, 415 F.3d 946, 948 (8th Cir 2005).

The indictment at issue here was flawed on its face. Although the text of the one-page document charged possession with intent to distribute fifty or more grams of cocaine, the citation in the indictment was to 21 U.S.C. § 841(b)(1)(B) (penalty for 500 or more grams of cocaine) and the indictment set out the statutory minimum (five years) and statutory maximum (forty years) for a § 841(b)(1)(B) offense. There is no § 841 subsection that refers to fifty or more grams of cocaine per se, and the statutory

penalties for possession with intent to distribute an amount of cocaine less than 500 grams are described in § 841(b)(1)(C). Moreover, possession of the lesser amount is a Class C felony, not a Class B felony as noted in the indictment. See 18 U.S.C. § 3559(a)(2), (3). Had the plea colloquy continued, it would have become even more apparent that the indictment was internally inconsistent. See Fed. R. Crim. P. 11(b)(1) (setting out the facts about which the court must advise the defendant before considering and accepting a guilty plea, including the nature of the charge and the minimum and maximum sentences). The District Court did not abuse its discretion in declining to accept Zambrano's plea of guilty to a defective indictment that referenced two different crimes for a single count. Although Zambrano contends that he had an "absolute right" to plead guilty to the indictment, he has not identified the source of any such right, whether under rule, statute, or the Constitution. Br. of Appellant at 16; cf. Santobello, 404 U.S. at 262 ("There is, of course, no absolute right to have a guilty plea accepted.").

The District Court is affirmed.

_____