# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3600

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Riley Carnahan, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: April 18, 2012
Filed: July 12, 2012

_____

Before LOKEN, COLLOTON, and SHEPHERD, Circuit Judges.

_____

LOKEN, Circuit Judge.

Riley Carnahan entered a conditional guilty plea to charges that he conspired to distribute at least five kilograms of cocaine and 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)-(B), and 846, and possessed a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). He appeals district court[1] orders denying his motions to suppress

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, adopting the Report and Recommendation of the Honorable Thomas J. Shields, Chief United States Magistrate Judge for the Southern District of Iowa.

evidence and for a <u>Franks</u>[2] hearing, and his request to plead guilty to the conspiracy charge without admitting drug quantities alleged in the indictment. We affirm.

## I. The Warrant Search Issues

On April 23 and 25, 2010, police officers from Bettendorf and Davenport, Iowa, applied for warrants to search Carnahan's residence in Bettendorf and his business, the Penny Juice Company, in Davenport, submitting nearly identical supporting affidavits. Two Iowa magistrate judges issued the warrants. Officers executing the warrants on April 30 seized cocaine, marijuana, prescription pills, guns, cash, scales, packaging material, and drug paraphernalia. Following his indictment, Carnahan moved to suppress this evidence, arguing the warrants lacked probable cause. He later moved for a <u>Franks</u> hearing on the ground that the supporting affidavits "deliberately omitted relevant information." On appeal, he argues the district court erred in denying both motions.

Although the warrant affidavits included other supporting information, the issues raised on appeal turn on the description of three controlled buys conducted after an anonymous tip and extensive surveillance led police to suspect ongoing drug trafficking at Carnahan's residence and at Penny Juice Company. The affidavits recited that the controlled buys were made using a confidential informant designated John Doe. The first two buys -- one at Penny Juice Company, the other at the residence -- took place "within the last forty-five days" before the warrant applications. The third was made at Penny Juice Company "within the last seventy-two hours." The affidavits described use of nearly identical procedures for each transaction. The Penny Juice affidavit described the first buy as follows:

---

[2]<u>Franks v. Delaware</u>, 438 U.S. 154 (1978).

The purchase was made by John Doe. That prior to the controlled purchase Your Affiant's Fellow Officer conducted a search of John Doe and no contraband or United States Currency was found on the person of John Doe. That after the search John Doe was kept under constant surveillance by Your Affiant and Your Affiant[']s Fellow Officers. Sgt. Kees[h]an provided John Doe with prerecorded United States Currency which was to be used for the purchase of powder cocaine. Your Affiant's Fellow Officers[] then observed John Doe proceed directly to the business named Penny Juice . . . where John Doe entered . . . . John Doe remained for a short time then exited. John Doe then returned to Your Affiant's Fellow Officer. John Doe was kept under constant surveillance by Your Affiant's Fellow Officers and John Doe had no opportunity to go to any other business . . . and . . . had no opportunity to pick up anything from the ground or to meet with anyone going to or leaving the business. That once John Doe returned to Your Affiant's Fellow Officer's location John Doe immediately relinquished the purported powder cocaine to Your Affiant's Fellow Officer. . . . John Doe stated John Doe did purchase the powder cocaine from Carnahan while inside the Penny Juice . . . building.

The powder tested positive for cocaine.

1. Carnahan first argues the district court abused its discretion in denying his motion for a Franks hearing because he made an adequate preliminary showing that the police officers knew and intentionally failed to disclose that John Doe had prior misdemeanor convictions relating to bad checks, was now cooperating with law enforcement to avoid a misdemeanor cocaine possession charge, and was believed to have engaged in recreational cocaine use. He asserts that these non-disclosures rendered materially false the officers' averrals that John Doe was a mature person of truthful reputation who had no motive to falsify information.

To warrant a hearing on the ground that material information was omitted from a warrant affidavit, defendant must make a "substantial preliminary showing" of deliberate falsehood or reckless disregard for the truth. United States v. Williams,

-3-

477 F.3d 554, 557-58 (8th Cir. 2007). Here, there was no showing of deliberate falsehood. The officers never said the informant had no criminal history. Rather, they checked boxes on the state court warrant application form saying the informant was of truthful reputation and had no motivation to falsify information, and then explained that John Doe demonstrated truthfulness because his information was corroborated by an anonymous tip, ongoing surveillance, and the controlled buys.

"[B]ecause a warrant application need only show facts establishing probable cause, reckless[ disregard for the truth] may be inferred from the omission of information from an affidavit only when the material omitted would have been clearly critical to the finding of probable cause." United States v. Smith, 581 F.3d 692, 695 (8th Cir. 2009) (quotation omitted). Omitting that a confidential informant has a criminal record or is cooperating does not satisfy this rigorous standard when the informant's information is partially corroborated or his general credibility is otherwise not significant to the probable cause inquiry. See, e.g., Williams, 477 F.3d at 559-60; United States v. Rivera, 410 F.3d 998, 1002 (8th Cir. 2005); United States v. Flagg, 919 F.2d 499, 501 (8th Cir. 1990). Here, the officers personally observed and monitored John Doe's conduct in making controlled buys. The only information John Doe provided was that, while inside, he purchased the cocaine from Carnahan. As explained in the affidavits, that information was at least partially corroborated and in any event was not critical to establish probable cause for warrant searches of the premises. The district court did not abuse its discretion in denying a Franks hearing.[3]

---

[3]Carnahan also argues that minor inconsistencies in describing the controlled buys were false statements or made with reckless disregard for the truth. Some of the alleged inconsistencies were not argued to the district court and therefore may not be raised on appeal. See United States v. Neumann, 887 F.2d 880, 886 (8th Cir. 1989) (en banc), cert. denied, 495 U.S. 949 (1990). None was material to the showing of probable cause. See United States v. Formaro, 152 F.3d 768, 770-71 (8th Cir. 1998).

2. Carnahan next argues that the warrant affidavits lacked a sufficient showing of probable cause because the controlled buys were stale events and the earlier anonymous tip and surveillance did not independently establish probable cause. The affidavits recited that the police corroborated the anonymous tip with extended surveillance followed by three controlled buys. The buys were conducted with the kind of careful procedures that produce highly reliable evidence of ongoing drug trafficking. See United States v. Rodgers, 732 F.2d 625, 630-31 (8th Cir. 1984). The third buy, made within 72 hours of the warrant applications, can hardly be deemed stale information. Moreover, "[i]n investigations of ongoing narcotics operations, intervals of weeks or months between the last described act and the application for a warrant does not necessarily make the information stale." United States v. Jeanetta, 533 F.3d 651, 655 (8th Cir.) (quotation omitted), cert. denied, 555 U.S. 1079 (2008).

Having carefully reviewed the lengthy, detailed affidavits, we agree with the district court that they showed "a consistent pattern of drug trafficking activity spanning a six month period of time with no indication that the activity has ceased," and that "the issuing judge could fairly believe that each of the premises sought to be searched would contain evidence of drug trafficking." Here, as in United States v. Montes-Medina, the totality of the information contained in the affidavits established "a fair probability that contraband or evidence of a crime [would] be found in a particular place," 570 F.3d 1052, 1059-60 (8th Cir. 2009), quoting Illinois v. Gates, 462 U.S. 213, 238 (1983). Carnahan's suggestion that the warrants lacked probable cause because they were not executed for five to seven days after issuance is without merit. See Formaro, 152 F.3d at 771. The motion to suppress was properly denied.

## II. The Guilty Plea Issue

Count 1 of the indictment charged that Carnahan and others conspired "to knowingly distribute at least five kilograms of a mixture containing cocaine and at least 100 kilograms of a mixture containing marijuana." Carnahan filed a motion

seeking leave to "enter a guilty plea to Count 1, that is conspiracy to distribute cocaine and marijuana in violation of [21 U.S.C. §§] 841(a)(1) and 846," but stating he "is not willing to enter his plea to the quantities" alleged in the indictment. The government opposed this motion. After briefing, the district court denied the motion on the ground "that a defendant has no right to plead guilty to a charge other than that in the indictment." With the government's agreement, Carnahan then entered a conditional guilty plea to Counts 1 and 2, reserving the right to appeal this ruling. By pleading to the drug quantities alleged, Carnahan became subject to a mandatory minimum ten-year prison sentence and an increased statutory maximum sentence on Count 1, see 21 U.S.C. § 841(b)(1)(A), plus a consecutive minimum five years on Count 2. At sentencing, the parties agreed that no drug quantity findings were necessary because the mandatory minimum sentences established a base from which reductions based on the government's substantial assistance motion would be determined. After hearing evidence and argument on that issue, the court granted the substantial assistance motion and sentenced Carnahan to 75 months in prison on Count 1 and a consecutive 40 months on Count 2.

On appeal, Carnahan argues that the district court abused its discretion in denying his guilty plea motion because "drug quantity is a sentencing enhancement and not a formal element of the offenses set out in 21 U.S.C. § 841." That assertion is not entirely true -- drug quantity is an element of the offense when it increases the statutory maximum sentence prescribed for an indeterminate quantity. See United States v. Turner, 603 F.3d 468, 471 (8th Cir.), cert. denied, 131 S. Ct. 820 (2010); United States v. Webb, 545 F.3d 673, 677 (8th Cir. 2008), cert. denied, 129 S. Ct. 2021 (2009); United States v. Sheppard, 219 F.3d 766, 767-69 (8th Cir. 2000), cert. denied, 531 U.S. 1200 (2001). "A fact . . . that increases the maximum punishment for an offense is the functional equivalent of an element of a greater offense." United States v. Aguayo-Delgado, 220 F.3d 926, 933 (8th Cir.) (quotation omitted), cert. denied, 531 U.S. 1026 (2000).

A defendant pleads "to the indictment or information." Fed. R. Crim. P. 10(a)(3). It logically follows, as the district court recognized, that "[a] defendant has no absolute right to plead guilty to a charge other than that in the indictment." United States v. Michel-Galaviz, 415 F.3d 946, 948 (8th Cir. 2005). As the Ninth Circuit explained in United States v. Gray, 448 F.2d 164, 168 (9th Cir. 1971), "a plea to a lesser included offense may not be tendered, and cannot be accepted by the court, unless the government consents. Even then, the better practice would be for the government to file a superseding information or indictment charging the lesser offense." We reject dicta to the contrary in United States v. Thomas, 355 F.3d 1191, 1198 (9th Cir. 2004).

"A plea of guilty is the equivalent of admitting all material facts alleged in the charge." United States v. Apker, 174 F.3d 934, 940 (8th Cir. 1999); see United States v. White, 408 F.3d 399, 402 (8th Cir.), cert. denied, 546 U.S. 1025 (2005); O'Leary v. United States, 856 F.2d 1142, 1143 (8th Cir. 1988). The discretion to reject a tendered guilty plea is most often exercised when the defendant cannot or will not provide the adequate factual basis for the plea that Rule 11(b)(3) of the Federal Rules of Criminal Procedure requires. See, e.g., United States v. Ajijola, 584 F.3d 763, 766-67 (7th Cir. 2009), cert. denied, 130 S. Ct. 2421 (2010); United States v. Williams, 557 F.3d 556, 559-60 (8th Cir.), cert. denied, 130 S. Ct. 237 (2009); United States v. Martin, 528 F.3d 746, 750-51 (10th Cir.), cert. denied, 555 U.S. 960 (2008). Here, Carnahan's motion declared that he was unwilling to agree to the drug quantity allegations in Count 1 of the indictment. This resulted in an insufficient factual basis *for the offense charged*, a sound reason for the district court's exercise of its discretion to reject the proffered plea, as we expressly held in United States v. Brown, 331 F.3d 591, 594-95 (8th Cir. 2003). Brown is controlling precedent; the denial of Carnahan's plea motion must be affirmed.

The judgment of the district court is affirmed.

_____