# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-1836

_____

United States of America,

*Plaintiff - Appellee,*

v.

Jerry L. Gater,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: April 5, 2017
Filed: August 17, 2017

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Jerry Gater was convicted of possession with intent to distribute cocaine base and sentenced to 146 months' imprisonment. On appeal, he argues that the district court[1] erred when it denied his request for a hearing on his claim that police officers

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the

secured a search warrant by omitting material information from the affidavit submitted to the issuing judge. We conclude that the district court properly denied Gater's request for a hearing, and we therefore affirm.

I.

In December 2014, Officer Bobby Sullivan of the Sikeston, Missouri Department of Public Safety served as a task force officer with the Drug Enforcement Administration. On December 16, Sullivan prepared an affidavit and application for a search warrant to search Gater's residence. In the affidavit, Sullivan provided information that he said was disclosed to him by two confidential sources on three separate days.

According to the affidavit, the first source explained to Sullivan on December 9 that during the previous two weeks, the source had witnessed Gater selling more than an ounce of powder and crack cocaine from his truck in Sikeston. The next day, Sullivan averred, a second source told him that the source had visited Gater's residence several times with others while they purchased cocaine. On each occasion, said the source, Gater had more than an ounce of crack cocaine in his possession. The same source, on December 16, told Sullivan that the source had just seen Gater at his residence with approximately five ounces of cocaine, over two pounds of marijuana, and three rolls of one-hundred-dollar bills that totaled more than $20,000.

After the search warrant was issued, Sullivan and other officers searched Gater's residence. They found crack cocaine, drug paraphernalia, and $4,600 in cash. A grand jury charged Gater with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

---

Honorable Abbie Crites-Leoni, United States Magistrate Judge for the Eastern District of Missouri.

Gater, proceeding *pro se*, filed a motion to suppress evidence and two supplemental motions on related matters. In his motions, Gater argued that Officer Sullivan omitted from his affidavit negative information about the two confidential sources that would have undermined the reliability of their statements. Gater claimed that if it had included the omitted information, then the affidavit would not have supported a finding of probable cause.

A magistrate judge held a hearing at which Sullivan testified, but apparently did not consider it a "*Franks* hearing," and said that such a hearing was not warranted. *See* R. Doc. 57, at 25. The judge then recommended denial of Gater's motion to suppress. The judge found no evidence that Sullivan omitted the information with the intent to make the affidavit misleading, or in reckless disregard of the fact that it would do so. The judge also concluded that including the omitted facts in Sullivan's affidavit would not have prevented the issuing judge from finding probable cause to search. The district court adopted the recommendation.

A few days before trial, the government sent Gater a memorandum that provided information about the second confidential source, who was scheduled to testify at trial. The memorandum explained that the source was paid six-hundred dollars for the information that she provided on December 16. The government also disclosed that the source had a history of using controlled substances and had been convicted of several misdemeanors.

On the day of trial, the district court granted Gater a continuing objection to the denial of his suppression motion. A jury ultimately convicted Gater of possession with intent to distribute cocaine base, and the district court imposed sentence. Gater appeals, arguing that he should have been granted a hearing on his claim that Sullivan omitted material information from his affidavit. We review the district court's denial of the hearing for abuse of discretion. *United States v. Shockley*, 816 F.3d 1058, 1061 (8th Cir. 2016).

II.

In *Franks v. Delaware*, 438 U.S. 154 (1978), the Court held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause," a hearing must be held at the defendant's request. *Id*. at 155-56. Gater does not allege that Officer Sullivan made a false statement. This court, however, has extended *Franks* to allow challenges to affidavits based on deliberate or reckless omissions. *United States v. Reivich*, 793 F.2d 957, 960-61 (8th Cir. 1986). Others have followed *Reivich*, while noting that the extension of *Franks* to alleged omissions "potentially opens officers to endless conjecture about investigative leads, fragments of information, or other matter that might, if included, have redounded to defendant's benefit." *United States v. Colkley*, 899 F.2d 297, 300-01 (4th Cir. 1990); *see United States v. Fowler*, 535 F.3d 408, 415-16 (6th Cir. 2008) (applying a "higher bar" for obtaining a hearing based on an allegedly material omission because of the "potential for endless rounds of *Franks* hearings"). Gater relies on this extension of *Franks* and contends that Sullivan omitted information that would have undermined the reliability of a confidential source.

Under our decisions, the Fourth Amendment requires a hearing where the defendant makes a substantial preliminary showing that (1) the affiant omitted facts with the intent to mislead the issuing judge, or omitted the facts in reckless disregard of the fact that the omissions would mislead, and (2) the affidavit, if supplemented by the omitted information, could not support a finding of probable cause. *United States v. Conant*, 799 F.3d 1195, 1200 (8th Cir. 2015). Gater focuses exclusively on Sullivan's alleged omission of information about the second confidential source. Gater argues that Sullivan recklessly omitted that the source had a history of drug use, had recently used drugs, and was paid for information about Gater.

The district court found "no evidence to support that TFO Sullivan intended to omit facts to make the affidavit misleading, or that he did so in reckless disregard of making the affidavit misleading." We see no error in this conclusion. Sullivan informed the issuing judge that the source had provided information for three years about persons selling narcotics, had participated in controlled purchases of drugs for law enforcement, and had visited Gater's residence several times with others while they purchased drugs. Sullivan presumably thought the issuing judge naturally would infer that a confidential source with that background must have a history of involvement with illegal drugs. As the district court observed, "it is often people involved in criminal activities themselves that have the most knowledge about other criminal activities, [so] it is no surprise that most confidential informants are engaged in some sort of criminal activity." R. Doc. 57, at 24 (quoting *Fowler*, 535 F.3d at 416 (internal quotation marks and citation omitted)).

We also agree with the district court that Gater made no substantial preliminary showing that including more information about the confidential source would have precluded a determination of probable cause to search Gater's house. Probable cause exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). As with any witness, drug use or compensation might be used to impeach credibility, but these factors do not necessarily establish that the source's information is unreliable. *See United States v. Scott*, 610 F.3d 1009, 1015 (8th Cir. 2010); *United States v. Williams*, 477 F.3d 554, 558 (8th Cir. 2007).

Here, the affidavit included information that corroborated the source's statements about Gater. Law enforcement had received information for months that Gater and his associates were obtaining large quantities of cocaine and marijuana from California and distributing the drugs in the Sikeston area. Another confidential source recently saw Gater distributing narcotics in Sikeston. Sullivan explained that the challenged source had a track record of providing reliable information to law

enforcement that led to state and federal prosecutions. Disclosing explicitly that the source had a history of drug use and that police paid the source for information would not have prevented the issuing judge from finding probable cause to search Gater's house.

*     *     *

The judgment of the district court is affirmed.

_____