# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2025

_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Brian Padilla

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 20, 2018
Filed: May 8, 2018
[Published]

_____

Before WOLLMAN, LOKEN, and KELLY, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Christopher Padilla challenges the sentence the district court[1] imposed after he pleaded guilty to drug and firearms charges. His

_____

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

counsel has moved to withdraw and submitted a brief under Anders v. California, 386 U.S. 738 (1967), addressing whether the sentence was based on procedural error, or was otherwise substantively unreasonable, and stating there are no non-frivolous issues, as Padilla was sentenced to the statutory minimum.

After careful review, we conclude that no plain procedural error occurred, and any such error would have been harmless because the district court sentenced Padilla to the statutory minimum, see United States v. Henson, 550 F.3d 739, 740-41 (8th Cir. 2008); cf. United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003); and that the sentence is not subject to review for reasonableness, as it was statutorily imposed, see United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006).

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. With regard to the issue identified in Judge Kelly's dissent, a criminal defendant does not have "an absolute right to have his guilty plea accepted by the court." Lynch v. Overholser, 369 U.S. 705, 719 (1962). At sentencing, Padilla's attorney asked if the court would "allow Mr. Padilla to enter pleas of guilty to Count One and Three, and then if we would have a trial it would be solely on Count 2." The government objected, and the court denied the request. Padilla did not object to that ruling, which was not a plain error abuse of the district court's discretion. After a break in the hearing of approximately seventy five minutes, during which Padilla had ample time to confer again with his attorney, he returned to court and pleaded guilty to all three counts. On this record, there is no basis for a claim that Padilla's guilty plea to all three counts was not knowing and voluntary, or a claim that the district court denied his Sixth Amendment right to a jury trial.

Accordingly, we grant counsel's motion to withdraw and affirm.

KELLY, Circuit Judge, dissenting.

On November 23, 2016, Christopher Padilla came before the district court to change his plea. During the course of the hearing, the court asked the government to "establish the factual basis the government would prove if th[e] case were to go to trial." Padilla, through his attorney, said he agreed to the factual bases underlying Counts 1 and 3, but had some reservations regarding Count 2. After further discussion, Padilla's attorney asked—because Count 2 had "been the main sticking point in this case"—if the district court would "still allow Mr. Padilla to enter pleas of guilty to Count One and Three, and then if we would have a trial it would solely be on Count Two?" The government objected, and the district court stated, "I'm not willing to go down that path. I think the charged counts are what he needs to plead guilty to, and we either need to have a trial or a plea to the indictment as it currently stands." Left with those two choices, Padilla then pleaded guilty to all three counts in the indictment.

As the court notes, a defendant does not have "an absolute right to have his guilty plea accepted by the court," Lynch, 369 U.S. at 719, under certain established circumstances, see id. (citing Fed. R. Crim. P. 11 ("Before the court accepts a plea of guilty . . . , the court must inform the defendant of, and determine that the defendant understands, [his rights, the nature of the charges, and other sentencing considerations].")). But based on the plea colloquy here—unlike in Lynch—it appears Padilla understood the rights he was giving up by pleading guilty, and that his plea to Counts 1 and 3 would have been knowing and voluntary. Whether a district court has the discretion to reject a voluntary guilty plea by a competent defendant—for reasons of judicial efficiency or otherwise—is, in my view, a non-frivolous issue. Compare United States v. Michel-Galviz, 415 F.3d 946, 948 (8th Cir. 2005) ("[A] district court has broad discretion in deciding to accept or reject a guilty plea." (cleaned up)), with id. ("A defendant has no absolute right to plead guilty to a charge *other than that in the indictment*." (emphasis added)), and United States v.

Carnahan, 684 F.3d 732, 737 (8th Cir. 2012) ("The discretion to reject a tendered guilty plea is most often exercised when the defendant cannot or will not provide the adequate factual basis for the plea . . . ."). Because I believe the record supports a non-frivolous claim for appeal, see Penson, 488 U.S. at 82–84 (1988), I respectfully dissent. I would deny counsel's motion to withdraw and order additional briefing on (1) whether the district court erred in ruling that it would not accept Padilla's guilty plea to Counts 1 and 3 if he did not also plead guilty to Count 2 of the indictment; and (2) whether in doing so, the district court denied Padilla his Sixth Amendment right to a jury trial on Count 2.

_____