# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1338
_____

United States of America

*Plaintiff - Appellee*

v.

Linda Riaski

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 15, 2023
Filed: January 29, 2024

_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Linda Riaski entered a conditional guilty plea to one count of conspiracy to distribute methamphetamine and one count of possession of a firearm in furtherance of a drug trafficking crime. Riaski appeals, arguing that the district court[1] erred when

_____

[1]The Honorable Robert F. Rossiter, Jr., Chief Judge, United States District Court for the District of Nebraska, adopting the Report and Recommendation of the

it denied her request for a hearing under <u>Franks v. Delaware</u>, 438 U.S. 154 (1978). We affirm.

## I. Background

Believing that the search would reveal methamphetamine, drug paraphernalia, firearms, and other evidence of drug trafficking, Deputy Sheriff Jerry Brisky of the Sarpy County, Nebraska, Sheriff's Office prepared an affidavit and complaint on December 19, 2019, for a warrant to search Riaski's residence.

The affidavit set forth information disclosed to Brisky by a confidential informant (CI), who said that she knew Riaski to use and distribute methamphetamine, that she recently had seen Riaski packaging methamphetamine for distribution, and that she had seen Riaski with a black 9 millimeter handgun. The CI identified an address at which she said Riaski lived with two roommates. The CI was able to identify the three when shown photos of them. Brisky confirmed that Riaski was the utility subscriber for the address.

The affidavit described two occasions on which the confidential informant had been inside Riaski's residence. The CI told Brisky that she had observed Riaski in the residence within 48 hours of December 10, 2019, at which time the CI saw on the kitchen table a plastic bag containing three to four ounces of methamphetamine. The CI later told Brisky that she had observed Riaski's roommate in the home on December 19, 2019, with more than a pound of methamphetamine.

Deputy Brisky's affidavit stated that the CI was familiar with the appearance, packaging, and pricing of methamphetamine. He explained that the CI previously had

---

Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

provided accurate information and had made controlled purchases of methamphetamine under his supervision. Following the issuance of the search warrant, officers found methamphetamine and firearms in Riaski's home and vehicle.

Following her indictment, Riaski filed a motion to suppress evidence and an application for a Franks hearing. The magistrate judge held a hearing on the motion and application, during which Brisky testified that he knew, but had not included in his affidavit, that the CI was a drug user with an extensive criminal history. He testified that she had provided information that resulted in four or five searches. All but one resulted in criminal charges. Brisky also explained that he had paid the CI for information and that he had conferred with prosecutors about having certain charges against her dismissed so that she could continue to work as an informant. Brisky had worked with the CI from early 2018 until her arrest in January 2020.

Riaski submitted an affidavit asserting that the CI had been arrested in July 2019 while in possession of Riaski's wallet and keys. Riaski did not post bail. When the CI returned Riaski's wallet, her checkbook and credit cards were missing. Forged checks were later cashed and attempts were made to establish recurring charges. Riaski also stated that the CI did not appear on her home security video footage in the days before December 10, 2019; that Riaski was in Las Vegas, Nevada, from December 10 through December 15, 2019; and that the CI had not been inside Riaski's home on December 19, 2019. Moreover, Riaski claimed that the CI's ex-boyfriend was Riaski's roommate's cousin, who the CI "tried to get . . . arrested on multiple occasions on false accusations."

Deputy Brisky testified that he knew of the CI's arrest, of Riaski's trip to Las Vegas, and of the CI's ex-boyfriend when he applied for the search warrant, but was unaware of the other facts alleged in Riaski's affidavit. The magistrate judge concluded that Riaski was not entitled to a full evidentiary hearing because she had not made a substantial preliminary showing (1) that Brisky intentionally or recklessly

omitted information from the affidavit with the intent to mislead the issuing judge or (2) that the affidavit could not support a finding of probable cause if it were supplemented with the omitted information. Adopting the magistrate judge's report and recommendation, the district court denied Riaski's motion to suppress and her application for a hearing. Riaski thereafter pleaded guilty.

## II. Discussion

Riaski does not dispute the facial validity of the search warrant. The issuing judge relied on Brisky's affidavit, which set forth facts establishing probable cause to believe that drugs and firearms would be found in Riaski's home. See Illinois v. Gates, 462 U.S. 213, 238 (1983) ("The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.").

Riaski argues instead that the omission of information concerning the CI's credibility rendered the warrant constitutionally infirm. See United States v. Williams, 477 F.3d 554, 557 (8th Cir. 2007) ("Where an issuing judge's probable cause determination was premised on an affidavit containing false or omitted statements, the resulting search warrant may be invalid . . . .") (citing United States v. Reivich, 793 F.2d 957, 961 (8th Cir. 1986)). Riaski claims that she is entitled to a hearing on the matter because the affidavit failed to disclose the arrangement between Brisky and the CI, the CI's criminal history or drug use, and the allegations set forth in Riaski's affidavit.

A defendant seeking a Franks hearing based on omitted information must make "a substantial preliminary showing that (1) the affiant omitted facts with the intent to mislead the issuing judge, or omitted the facts in reckless disregard of the fact that the omissions would mislead, and (2) the affidavit, if supplemented by the omitted

information, could not support a finding of probable cause." United States v. Gater, 868 F.3d 657, 659–60 (8th Cir. 2017). We review the district court's denial of a hearing for abuse of discretion. Id. at 659.

We begin with Riaski's affidavit. Deputy Brisky testified that he was not aware of the following allegations: that Riaski had refused to post bail for the CI, that the CI thereafter took and used Riaski's checkbook and credit cards, or that the CI had animosity toward Riaski's roommate's cousin. "An officer who does not personally know information cannot intentionally or recklessly omit it." Hartman v. Bowles, 39 F.4th 544, 546 (8th Cir. 2022) (alteration omitted) (quoting United States v. Pulley, 987 F.3d 370, 379 (4th Cir. 2021)); see United States v. Bausby, 720 F.3d 652, 657–58 (8th Cir. 2013) (holding that the omission of information not known to the affiant did not give rise to a Franks violation). Similarly, assuming that the CI had provided false or misleading information about being inside Riaski's home on those two December 2019 occasions, the district court did not err in concluding that "there is no evidence that Investigator Brisky knew or should have known about any inaccuracy." R. & R. of Mar. 2, 2022, at 7.

Riaski cannot meaningfully distinguish the remaining omissions from those in United States v. Williams, in which we held that the defendant had failed to make the substantial preliminary showing required for a Franks hearing. 477 F.3d at 560. The affiant officer in Williams did not disclose the financial arrangement between the informant and the police "under which he received payment for his confidential informant services depending on the type of service he provided and the outcome of the investigation." Id. at 556. The affidavit also did not mention the confidential informant's criminal history, which included multiple arrests, a misdemeanor conviction for lying to a police officer, and two felony convictions. We concluded that "[e]very fact allegedly omitted was either not misleading because it could have

been assumed by the warrant-issuing judicial officer or otherwise would not have altered the probable cause determination." Id. at 560–61.

As in Williams, the affiant here paid the CI for her services and paid more if the information she provided resulted in any arrests. Additionally, Deputy Brisky asked prosecutors to dismiss certain charges against the CI. The omission of the details and existence of the agreement between Brisky and the CI did not render his affidavit misleading, however, for "[w]e have held that an affidavit is not robbed of its probative effect by its failure to mention that the informant 'was a paid informant who avoided prosecution by virtue of her testimony.'" Id. at 558 (quoting United States v. Milton, 153 F.3d 891, 896 n.3 (8th Cir. 1998)). Nor was the affidavit's omission of the CI's drug use intentionally or recklessly misleading, in light of its disclosure of information indicating that the CI had a history of involvement with methamphetamine. See Gater, 868 F.3d at 660 (when affidavit included that the confidential source previously had provided information, participated in controlled purchases, and witnessed others purchasing drugs from the defendant, the affiant "presumably thought the issuing judge naturally would infer that a confidential source with that background must have a history of involvement with illegal drugs").

Again as in Williams, the affidavit here did not disclose the CI's criminal history, which included multiple arrests for crimes involving dishonesty, as well as convictions for identity theft and drug possession. The affidavit provided a basis for the CI's reliability, however, disclosing that she previously had provided accurate information and that she had completed controlled purchases under Brisky's supervision.[2] In Williams, we considered that the informant previously had provided

---

[2]Although Riaski asserts that the affidavit should have disclosed that the CI provided information in one case that did not result in criminal charges, Brisky testified that the warrant in that case was not executed until days after the CI provided the relevant information. By then, neither the target of the investigation nor any controlled substances were located at the residence. The outcome of that investigation cannot be said to sully the CI's record as a reliable informant.

reliable information and completed controlled purchases, as well as the affiant officer's assessment of the informant's demeanor when he provided the information. We concluded that, "[t]aken as a whole, and balanced against [the informant's] criminal history, these considerations more than suffice to validate [the informant's] status as a sufficiently reliable informant to justify a finding of probable cause based upon the information he provided." Williams, 477 F.3d at 560. The same conclusion is warranted here, and we hold that supplementation of Brisky's affidavit with information regarding the CI's criminal history "would not alter the probable cause finding and therefore would not warrant a Franks hearing." Id. at 559.

## III.  Conclusion

We conclude that the district court did not abuse its discretion in denying Riaski's application for a Franks hearing. Her contention that the district court erred in denying her motion to suppress thus necessarily fails. We accordingly need not reach the government's argument under United States v. Leon, 468 U.S. 897 (1984).

The judgment is affirmed.

_____